UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EDGAR RIVERA,                                    Case No. 1:25-cv-00567

        Plaintiff,                                  Hon.  Jane M. Beckering
                                                       U.S. District Judge
    v.

WOLVERINE WORLDWIDE, INC.,

        Defendant.
_____/

## ORDER

This Order addresses Plaintiff's motion to compel discovery.  ECF No. 22. Plaintiff Edgar Rivera filed this lawsuit against Defendant Wolverine Worldwide, Inc., doing business as Merrell, for allegedly violating the Telephone Consumer Protection Act.  47 U.S.C. §227.  Plaintiff alleges that Merrell placed unsolicited text messages to his telephone number, which he had registered on the National Do Not Call registry.

Plaintiff's Request No. 4 and Defendant's response state:

REQUEST NO. 4: All documents concerning outbound telemarketing texts, including from shortcode 71995, including, but not limited to, call/text records, transmission reports, call reports or call logs.

RESPONSE: Merrell objects to this Request as overly broad and unduly burdensome, without necessary limitations as to scope. This Request as phrased seeks all documents concerning any text messages sent from Defendant, including those that are not subject of or included in Plaintiff's claims, including texts to individuals whose numbers are not on the National DNC Registry, individual [sic] who consented to receiving telemarketing text messages, and individuals that have an established business relationship with Defendant. Merrell further objects to this Request insofar that Plaintiff seeks documents relevant

to its punitive class as premature because a class has not yet been certified.

ECF No. 22, PageID.115.

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The scope also falls within the broad discretion of the trial court. *Id.* "Discovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims, and the court retains final discretion to determine whether a discovery request is broad or oppressive." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016) (quoting *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

The trial court is empowered to prevent discovery that falls outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Discovery may be denied if: (i) it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the requesting party

has already had ample opportunity to obtain it; or, (iii) it falls outside the scope of discovery set forth in Rule 26(b)(1).  *Id.*

Generally, the party seeking discovery is obliged to demonstrate relevance. *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-CV-14099, 2017 WL 168159, at *4 (E.D. Mich. Jan. 17, 2017); *Staggs v. Panda Express, Inc.*, No. 3:24-CV-00010, 2024 WL 4509101, at *2 (M.D. Tenn. Oct. 16, 2024).  When the information sought appears to be relevant, "the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case," *Allgood v Baptist Mem'l Med. Grp., Inc.*, No. 19-2323-JTF-tmp, 2020 WL 86455, at *1 (W.D. Tenn. Jan. 7, 2020) (citation omitted), or to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm.  *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015).  Otherwise, the party opposing production generally bears the burden of establishing that the discovery sought falls beyond the purview of Rule 26.  *See Shropshire v. Laidlaw Transit, Inc.*, No. CIV A 06–10682, 2006 WL 6323288, *2 (E.D. Mich. Aug. 1, 2006) ("The party who resists discovery has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.").

A party objecting to discovery must state with particularity the grounds for objection and why the request cannot be responded to as is.  Boilerplate objections, such as the discovery requests are "overly broad," are "vague," are "not proportional to the needs of the case," are "unduly and substantially burdensome," or "are not

3

likely to lead to admissible information" are "legally meaningless and amount to a waiver of an objection."  *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F.Supp.3d 626, 637 (E.D. Mich. 2021) (internal citation omitted); *see also Davis v. American Highwall Mining, LLC*, 570 F.Supp.3d 491, 495 (E.D. Ky. 2020) (collecting several authorities in support).  Boilerplate objections and blanket refusals to search for relevant documents will not be deemed acceptable responses to discovery requests. *Staggs*, 2024 WL 4509101, at *2.

Plaintiff seeks the text message logs and records for his proposed class action. Plaintiff alleges in his complaint that he seeks to certify the following class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Merrell texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, (5) despite the person not having provided their telephone number to Defendant to sign up for text alerts.

ECF No. 1, PageID.21-22.

Defendant objects to Plaintiff's request arguing that it is premature, overbroad, burdensome, and "would require production of a large volume of material irrelevant to Plaintiff's claims or the claims of the putative class."  ECF No. 24, PageID.127.  Instead, Defendant has offered to provide "a statistically significant sample of its Phone Number Database, which would contain all the information necessary to determine whether a class can be certified."  *Id.*, PageID128. Defendant represents that the phone number database contains 541,163 unique

phone numbers, and when limited to numbers listed on the Do Not Call List, it contains 300,797 unique phone numbers.  *Id.*, PageID.129-130.

Plaintiff proposes to limit his request to text messages that were both (1) on the Do Not Call List, and (2) reassigned.  ECF No. 22, PageID.121.  Defendant responds that this proposed limitation does not limit its burden because over 300,000 unique phone numbers would need to be run against the Reassigned Number Database, which requires a financial charge for each phone number.  ECF No. 24, PageID.133.  Importantly, Defendant has failed to set forth even the approximate financial costs of making this list.  Defendant argues that providing a statistically significant sample would satisfy Plaintiff's needs by allowing Plaintiff to conduct his own analysis of the data and provide the Court with sufficient information to determine class certification.

There are four "prerequisites" for a class action.  Fed. R. Civ. P. 23(a).  The Rule provides:

> (a) PREREQUISITES. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

The phone numbers that Defendant texted on the Do Not Call list that had been reassigned are certainly relevant and discoverable and are necessary to make the class certification finding.  *Fralish v. Digital Media Solutions, Inc.*, No. 3:21-CV-

45, 2021 WL 5370104, *9 (N.D Ind. Nov. 17, 2021) ("call lists and the number of calls made to those recipients are relevant to the numerosity and commonalty requirements listed in Rule 23").

Ultimately, the question is whether the burden of production of the phone numbers outweighs the benefits of production. *Elliot v. Humana, Inc.*, No. 3:22-CV-00329, 2024 WL 4468654, *6 (W.D. Ky. Oct. 10, 2024), *objections overruled,* 2024 WL 4545985 (W.D. Ky. Oct. 22, 2024) (requiring production of documents relating to alleged violations of the Telephone Consumer Protection Act); *Diaz-Lebel v. TD Bank USA, N.A.*, No. CV 17-5110, 2018 WL 4145912, *3 (D. Minn. Aug. 30, 2018) ("The sheer burden and proportionality concerns prevent this Court from ordering that all documents responsive to this request be produced").

Defendant points to the cost of searching through over 300,000 phone numbers to determine which numbers had been reassigned.  Defendant represents that "the Phone Number Database that Defendant has already scrubbed against the NDNCR contains more than 300,000 unique phone numbers."   ECF No. 24, PageID.133.  Defendant asserts that to run the "numbers against the RND . . . would require Defendant to incur charges on a per number basis in order to create a class list for Plaintiff." *Id*.  Despite Defendant's assertion that this would be burdensome or too costly, Defendant has failed to explain how providing this information would be a burden.  Defendant certainly has failed to fully explain how the costs of obtaining this information is burdensome.  Defendant has made no more than general and conclusory objections to producing the phone numbers.

6

Accordingly, Plaintiff's motion to compel is GRANTED as follows:

Defendant may produce either (1) a database of all the phone numbers Defendant texted that are on the Do Not Call List, or (2) a database of all the phone numbers Defendant texted on the Do Not Call List that had been reassigned.

**IT IS SO ORDERED**

Dated:  May 26, 2026                                    /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U.S. MAGISTRATE JUDGE